**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL WINSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  1:10-cv-75-SJM |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN PAVLOCK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District J.,

Plaintiff Michael Winston, a frequent litigator in this Court, has filed this civil lawsuit based on events arising out of an assault allegedly perpetrated upon him in 2007.  Named as Defendants are John H. Pavlock (President Judge of the McKean County Court of Common Pleas), Dominic Cercone (a McKean County Magisterial District Judge), Ray Learn (the McKean County District Attorney), Bonnie Moore Howard[1] (the McKean County Prothonotary and Clerk of Records), and Jeffrey Wilson, (a police sergeant with the Pennsylvania State Police).  As grounds for this Court's jurisdiction, Winston purports to invoke various federal constitutional and statutory provisions.  All Defendants have entered appearances and have moved to dismiss the complaint.  Because Winston's complaint fails to state a viable legal claim and is incapable of a curative amendment, it will be dismissed with prejudice.

---

[1] This Defendant is incorrectly identified in the case caption and complaint as "Bonii Moore Howard."  We will use her correct name herein.

# I.    STANDARD OF REVIEW

A. <u>Pro Se Pleadings</u>

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C.Cir.1992); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir.1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in the pleadings in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir.1997). *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Company*, 906 F.2d 100, 103 (3d Cir.1990) (same). Because Winston is proceeding pro se in this case, the foregoing standards will be applied to his papers.

B. <u>Motion to Dismiss</u>

In reviewing a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the claims at issue must be viewed in the light most favorable to the complainant and all the well-pleaded allegations must be accepted as true. *Erickson v.*

2

*Pardus*, 551 U.S. 89, 95 (2007).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957)).  *See also Ashcroft v. Iqbal*, --- U.S., ----, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act).

A court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) (*citing Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).  Nor must a court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir.2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (*quoting Iqbal*, --- U.S. at ----, 129 S. Ct. at 1949) (alteration in the original).  A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief."  *Smith v. Sullivan*, 2008 WL 482469, at *1 (D. Del. February 22, 2008) (*quoting Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008)).  "This does not impose a probability

requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232 (*quoting Twombly*, 550 U.S. at 556 n. 3).

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> \* \* \*
>
> After *Iqbal,* when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal,* where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.2009).

## II.    BACKGROUND

This lawsuit stems from an assault which was allegedly perpetrated on Winston on December 20, of 2007. On that date, it is claimed, Winston was patronizing the Keystone Bar in the City of Bradford when he was assaulted by one Todd Hennard, owner of the Bradford Window Company, and two of Hennard's employees. The attack was allegedly motivated by legal action which Winston took against Hennard for wages owed.

Winston claims that, while he was in the bar, the three men attacked him from behind, threw him to the ground, and beat his head against a foot rest, causing "sever[e] pain to [pre-existing] spinal injuries." (Complaint [3] at p. 2, ¶ 1.) After the attack was temporarily broken up, Winston went outside to call 911 but was allegedly attacked again by the three men, who threw him to the ground and beat his head against the sidewalk.

Winston avers that, after the Bradford city police arrived, they questioned him and he explained that he had been beaten in retaliation for legal action he had taken against Hennard. In addition, a witness allegedly told the police that "it was three against one [and] Mike never had a chance." (Complaint [3] at p. 3, ¶3.) Despite this information, it is claimed, the police began to accuse Winston of wrongdoing. The day following the attack, Winston filed a private complaint at the police department but, he claims, no action was ever taken against his assailants.

Winston asserts that he has "called [and written] across the entire State of Pa." at all levels of law enforcement, all levels of the judicial systems "all the way to the US [sic] Supreme Court," and all levels of government ("local, state and federal"), but "to this day[,] nothing." (Complaint at p. 3, ¶ 5.) He has tried to hire lawyers but has evidently been unsuccessful. He states that one lawyer "helped, and filed a civil action," but then died and, according to Winston, the "justice system refuses to let me proceed without a lawyer." (*Id.*)

Winston avers that he has filed five federal civil actions but has been "retaliated against" for doing so. He claims to have endured "over six years of torture, assaults" and being "beaten down." (Complaint at p. 3, ¶ 7.) As relief, he seeks (among other

5

things) an award of $7 million, as well as an order directing the federal government to request an investigation into the alleged misconduct on the part of law enforcement and the judicial system.

Winston has appended various materials to his complaint, presumably as evidence of the injustice and corruption which has allegedly been occurring within McKean County. Among the materials are news articles discussing controversies and/or complaints involving various public officials operating out of McKean County. One story discusses a controversy in which Tom Riel, the Mayor of Bradford, accused certain "rogue" law enforcement officers of plotting to frame him for drug offenses, allegedly for political reasons. Other articles discuss how Defendant Pavlock, then the McKean County District Attorney, initially responded to the controversy and how he and Riel later resolved the disagreement. Another article concerns complaints that various motorists had lodged against state police operating in McKean County on the grounds that troopers were being too aggressive in pulling motorists over and/or were operating out of retaliatory motives. Still another article features a guest commentary by Defendant Pavlock in his capacity as President Judge of the McKean County Court of Common Pleas in which Defendant Pavlock discusses the importance of jury service and the problems that arise from citizens' failures to comply with a jury service summons.

### III.    DISCUSSION

All of the Defendants in this action have filed motions to dismiss the complaint, and Winston has been given an opportunity to respond. Accordingly, the matter is ripe for consideration.

6

In addition, however, this Court is independently required to review the complaint in accordance with the provisions of 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*. Of particular importance is subsection §1915(e)(2)(B), which requires a federal district court to dismiss any case, even on its own motion, if the court determines that the action is, among other things, frivolous, malicious, or lacking any viable claim for relief.[2] Although courts are generally required to permit the plaintiff an opportunity to file a curative amendment before dismissing the complaint, dismissal without leave to amend is justified when, *inter alia*, amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).

In this case, the complaint's allegations fail to state any claim upon which relief may be granted. The claims suffer from numerous problems, which are incapable of

---

[2] Section 1915(e) states, in pertinent part:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> ***
>
> **(B)** the action or appeal –
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Although much of 28 U.S.C. § 1915 deals with prisoners, it is widely recognized that § 1915(e)(2) applies to both prisoner and nonprisoner cases. *See, e.g., Jayne v. Pike County Correctional facility*, Civil No. 3:CV-07-1113, 2007 WL 2972579 at *1 n.1 (M.D. Pa. Oct. 10, 2007) (citing cases), *aff'd in part and rev'd in non-relevant part*, No. 07-4269, 2009 WL 3022136 (3d Cir. Sept. 23, 2009)(slip op.); *Weimer v. Vanorsdale*, No. 07cv0671, 2007 WL 1653623 at *1 n.1 (W.D. Pa. June 5, 2007) (citing cases).

remediation through a curative amendment.  Accordingly, they will be dismissed with prejudice.

A.  No Private Right of Action Identified

In his complaint, Winston identifies several statutory provisions which supposedly support this Court's subject matter jurisdiction over the dispute at hand.  None of the provisions cited is actually jurisdictional in nature and, moreover, none of them provides Winston a private right of action against the named Defendants.

For example, Winston cites a number of provisions from the federal criminal code, *to wit,* 18 U.S.C. §§ 2 (principals/aiding and abetting), 3 (accessory after the fact), 4 (misprision of felony), 241 (conspiracy against rights), and 1512 (tampering with a witness, victim, or informant).  To the extent any of these provisions are relevant to the facts alleged in the complaint, they do not provide Winston any private right to legal relief.  *See, e.g., Stern v. Halligan*, 158 F.3d 729, 731 n.1 (3d Cir. 1998) (there is no private cause of action under 18 U.S.C. § 241) (*citing Newcomb v. Ingle*, 827 F.2d 675, 677 n. 1 (10th Cir.1987)); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 657 (3d Cir. 1998) (general aiding and abetting statute, 18 U.S.C. §2, has no application to private causes of action) (*citing Central Bank of Denver, N.A. v. First interstate Bank of Denver, N.A.*, 511 U.S. 164, 181-82 (1994)), *abrogated in non-relevant part as recognized in Forbes v. Eagleson*, 228 F.3d 471 (3d Cir. 2000)*; Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) (no private cause of action pursuant to §1512) (citing cases); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997) (no private cause of action under 18 U.S.C. §3); *Pankey v. Webster*, 816 F. Supp. 553, 559

(W.D. Mo.1993) (18 U.S.C. §4 defines a criminal offense and does not provide civil complainants with a private right of action).

Similarly, Winston's reliance on 42 U.S.C. §1986 (allowing actions for neglect to prevent wrongdoing under 42 U.S.C. §1985) is unavailing. Section 1986 allows a right of action as against "[e]very person, who having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do… ." 42 U.S.C. §1986. As the language suggests, §1986 requires that the plaintiff show the existence of a conspiracy under 42 U.S.C. §1985. *See Brookhart v. Rohr*, No. 10-1449, 385 Fed. Appx. 67, 70, 2010 WL 2600694 at **2 (3d Cir. June 30, 2010) (slip copy).

Winston has not alleged the existence of a §1985 conspiracy here, nor could he, based upon the facts set forth in the complaint. Subsection (1) of the statute pertains to conspiracies whose aim is to prevent an officer from performing his duties; subsection (2) pertains to conspiracies whose aim is to deter parties, witnesses or jurors from participating in court proceedings. *See* 42 U.S.C. §1985(1) and (2). No such conduct has been alleged here, and Winston's mere invocation of §1986 or the term "conspiracy" is insufficient to state a cause of action. Also insufficient is Winston's reliance on news articles pertaining to controversies involving government officials in McKean County in matters totally unrelated to Winston or the case at hand. The Third Circuit Court of Appeals has admonished that "a conspiracy claim 'must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal.'" *Thakar v. Tan,* 372 Fed. Appx. 325, 328, 2010 WL 1141397 at **2 (3d Cir. Mar. 25, 2010) *(quoting*

*Capogrosso v. Supreme Ct. of N.J.,* 588 F.3d 180, 184 (3d Cir. 2009) *(per curiam)).*

While "direct evidence of a conspiracy is rarely available and ... the existence of a

conspiracy must usually be inferred from the circumstances ..., the rule is clear that

allegations of a conspiracy must provide some factual basis to support the existence of

the elements of a conspiracy:  agreement and concerted action.'" *Id. (quoting*

*Capogrosso, supra,* at 184).  Here, Winston has failed to allege facts that could support

a conspiracy under §1985(1) or (2).

In addition, Winston has not alleged facts sufficient to support a conspiracy under

§1985(3), inasmuch as that subpart requires allegations of racially-based or otherwise

invidious class-based discrimination.  *See Brookhart, supra,* at 70, **2 ("Section 1985(3)

of title 42 requires a plaintiff to allege that invidious racial or otherwise class-based

discriminatory animus lay behind the defendants' actions, and he must set forth facts

from which a conspiratorial agreement between the defendants can be inferred.").  No

such allegations are set forth in the complaint, nor does such a theory have any obvious

application to the facts as they are alleged.  Consequently, because Winston cannot

allege a § 1985 conspiracy, he cannot state a claim for relief under 42 U.S.C. §1986.[3]

---

[3] Winston's invocation of other legal phrases and concepts – such as "aiding and abetting," "*Bivens* Action, "*Ex Parte Young*," and "ultra-vires" are facially inapplicable and/ or insufficient to support this Court's subject matter jurisdiction and need not be discussed further.

B.    No Viable Claim Under 42 U.S.C. § 1983

In support of this Court's jurisdiction, Winston also cites the Fourteenth Amendment Due Process Clause, and thus, we construe his complaint as attempting to state a claim under 42 U.S.C. § 1983,[4] which provides a private right of action to

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...

To state a viable § 1983 claim, a plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  However, the facts set forth in the complaint fail to establish a viable cause of action under § 1983 for numerous reasons.

1.  Statute of Limitations

First, any § 1983 claim asserted by Winston based on the events set forth in the complaint are seemingly barred by the applicable statute of limitations.  Our circuit court of appeals has long held that § 1983 claims brought in Pennsylvania are governed by the Commonwealth's residual two-year statute of limitations applicable to personal injury actions.  *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 n. 2 (3d Cir.2009); *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).  Since this suit was commenced, at the earliest, on March 31, 2010

---

[4] To the extent Plaintiff is attempting to state a claim under § 1983, this Court does have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

when Winston submitted his complaint and petition for leave to proceed *in forma pauperis* with the Clerk of Court, his §1983 claim is barred with respect to any alleged constitutional injury occurring prior to March 31, 2008 of which he was aware or reasonably should have been aware. *See Atkin v. Johnson*, No. 10-4046, 2011 WL 1654665 at *1 (3d Cir. May 3, 2011) (slip copy) (a cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action) (citing *Sameric Corp. of Delaware, Inc., supra*, at 599).

Here, the alleged assault giving rise to this lawsuit occurred on December 20, 2007, and Winston claims to have filed a complaint with the police the following day. It is not clear from Winston's pleadings how any of the alleged Defendants are implicated in the events surrounding the assault but, to the extent their alleged wrongful action or inaction became known to Winston prior to March 31, 2008, any §1983 claim based on such wrongful action or inaction is now untimely.

2. <u>No Personal Involvement</u>

The failure of Winston to assert any personal involvement on the part of the named Defendants in the alleged wrongdoing is another reason why his claim is patently deficient. Under § 1983, a defendant must be shown to have had personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Although personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, such allegations must be made with appropriate particularity. *Id.* (citations omitted).

In the complaint, there are no factual allegations directed against any of the named Defendants at all, much less is there the type of particularity required in order to establish their personal involvement in the alleged wrongdoing. Accordingly, the complaint fails to adhere to the general requirements of *Twombly, Iqbal,* and *Fowler* (*discussed supra)*, and, more particularly, fails to establish any basis for §1983 liability on the part of the named Defendants.

3. <u>Eleventh Amendment Immunity</u>

To the extent claims are being asserted against Defendants Pavlock, Cercone, and Wilson in their official capacities, such claims are barred by Eleventh Amendment immunity. Furthermore, when acting in their official capacities, these Defendants are not deemed "persons" who can be sued under §1983.

The Eleventh Amendment to the U.S. protects all states and state entities from suit in federal court, unless Congress has abrogated the immunity or the state consents to be sued. U.S. CONST. amend. XI; *Lombardo v. Pennsylvania Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008); *United States v. Union Gas Co*., 832 F.2d 1343, 1346 (3d Cir. 1987). Notably, the Commonwealth of Pennsylvania has not consented to be sued. 42 Pa. C.S.A. §8521(b) and 1 Pa. C.S.A. §2310. Nor did Congress, in enacting 42 U.S.C. § 1983, abrogate state sovereign immunity; accordingly, claims brought under that statute are subject to Eleventh Amendment immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984); *Collins v. Sload*, 212 Fed. Appx. 136, 140, 2007 WL 43380 n. 5 (3d Cir. Jan. 2, 2007).

A suit may be barred by the Eleventh Amendment even though a state is not named a party to the action, so long as the state is deemed to be the real party in interest. *Benn v. First Judicial District*, 426 F.3d 233, 239 (3d Cir. 2005). Also, a suit brought against a state official in his official capacity is deemed to be a suit against the state. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

All courts and agencies of the Commonwealth's unified judicial system are part of the Commonwealth government and therefore subject to state sovereign immunity. *See* 42 Pa. C.S.A. § 102 (defining "Commonwealth government" to include "the courts and other officers or agencies of the unified judicial system"); *Benn, supra* (holding that a judicial district was entitled to assert Eleventh Amendment immunity as an absolute bar to suit under the Americans with Disabilities Act). Further, the term "court" is specifically defined to include "any one or more of the judges of the court." See 42 Pa. C.S.A. §102.

Thus, to the extent Defendant Pavlock is being sued in his official capacity as President Judge of the McKean County Court of Common Pleas, the real party in interest is the McKean County Court of Common Pleas, which is part of Pennsylvania's unified judicial system. Winston's claims against Defendant Pavlock in his official capacity are therefore barred by Eleventh Amendment immunity.

District Justices also act as part of the Commonwealth's unified judicial system. *See* 42 Pa. C.S.A. §301 (the Commonwealth's unified judicial system includes magisterial district judges). Accordingly, to the extent Defendant Todd is being sued in his official capacity as a district justice, he, like Defendant Pavlock, is entitled to assert

14

Eleventh Amendment immunity. *See Miller v. Hogeland*, No. CIV. A. 00-516, 2000 WL 987864 at *2 (E.D. Pa. July 18, 2000) ("The Eleventh Amendment bars suit against a District Magistrate in his/her official capacity.")(*citing Fox v. Lee*, No. CIV. A 00-2196, 2000 WL 760318 at *1 (E.D. Pa. June 8, 2000) and *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

In addition, Commonwealth officials – including judges of the unified judicial system and state police, when sued in their official capacities, are not considered "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989) (neither state nor its officials acting in their official capacities were "persons" under federal civil rights statute). Accordingly, Winston's official-capacity claims against Defendants Pavlock, Todd, and Wilson fail for this reason as well. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3d Cir. 2000) (judicial defendants were not independent of the Commonwealth; rather they were part of the unified judicial system and thereby not "persons" for purposes of § 1983); *Fox v. Lee*, 99 F. Supp. 2d 573, 575 (E.D. Pa. 2000) (district justice was not a "person" within the meaning of §1983); *Neuburger v. Thompson*, 305 F. Supp. 2d 521,536 (W.D. Pa. 2004) (to the extent state troopers were being sued in their official capacities, plaintiff's § 1983 claim failed to name a proper "person" against whom liability could be established), *aff'd* 124 Fed. Appx. 703, 2005 WL 19275 (3d Cir. Jan. 5, 2005).

4. <u>No Constitutional Violation</u>

As we have noted, to state a claim under § 1983, a plaintiff must demonstrate that persons acting under color of state law violated a federally secured statutory or

constitutional right.  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  Both elements must be present to sustain a § 1983 action.

Here, Winston seems to be alleging a violation of his due process rights under the Fourteenth Amendment.  However, to the extent Winston's § 1983 claim is premised upon law enforcement's failure to prosecute his assailants, he has failed to state a violation of his constitutional rights.  *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) (discussing prosecutorial discretion); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, No. No. 09-31000, 2010 WL 774185 at *2 (5th Cir. Mar. 8, 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Sanders v. Downs*, Civil Action No. 3:08-CV-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar. 9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (*quoting Fuchs v. Mercer County*, 260 Fed. Appx. 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, Civil Action No. 06-54 Erie, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).

5. <u>Judicial and Prosecutorial Immunity</u>

Finally, to the extent Defendants Pavlock, Cercone, Learn, and Howard are being sued in their individual capacities, such claims are barred by the doctrines of absolute judicial and/or prosecutorial immunity.

It is well established that judges are absolutely immune from lawsuits with respect to all actions taken in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("As early as 1872, the Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, (should) be free to act upon his own convictions, without apprehension of personal consequences to himself.' … For that reason the Court held that 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts…') (alteration in the original) (internal citations and footnote omitted). *See also Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.")(*citing Mireles v. Waco*, 502 U.S. 9, 12 (1991)). As a matter of public policy, this immunity is necessarily broad: "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump,* 435 U.S. at 356-57 (citation omitted).

"The doctrine of judicial immunity applies equally to courts of limited jurisdiction, such as district justices, as to courts of general jurisdiction." *Martin v. Bicking*, 30 F. Supp. 2d 511, 512 (E.D. Pa. 1998) (citing cases). In addition, absolute judicial immunity extends to quasi-judicial officials whose "activities are integrally related to the judicial

17

process and involve the exercise of discretion comparable to that of a judge." *See Gonzales v. Clerk of Courts of Berks County*, 1991 WL 133647 at *2 (E.D. Pa. July 16, 1991) (*citing Jodeco Inc. v. Hann*, 674 F. Supp. 488, 497 (D.N.J. 1987)).

Furthermore, it has long been recognized by our circuit court of appeals that "any public officer acting pursuant to a court directive is also immune from suit." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir.1969) (prothonotary, acting pursuant to court directive, was entitled to absolute immunity from § 1983 claim). *See also Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir.1975) ("... where the defendant is directly involved in the judicial process, he may ... be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge."); *Ginsburg v. Stern*, 125 F. Supp 596, 602 (W.D. Pa. 1954), *aff'd*, 225 F.2d 245 (3d Cir.1955) ("... no basis in law exists whereby civil liability can be imposed upon a public official acting pursuant to court order and direction."). Thus, numerous cases have recognized that immunity extends to court personnel such as prothonotaries. *See, e.g., Boyce v. Dembe*, No. 01-4199, 47 Fed. Appx. 155, 159, 2002 WL 3151328 at **3 n.4 (3d Cir. Sept. 27, 2002); *Barnes v. Catalde*, C.A. No. 09-67 Erie, 2009 WL 3769353 at *3 (W.D. Pa. Nov. 10, 2009); *Grine v. Colburn's Air Conditioning and Refrigeration*, Civil Action No. 09-11 Erie, 2009 WL 2634179 at *5 (W.D. Pa. Aug. 25, 2009).

In addition, prosecutors are absolutely immune from damage claims premised upon their actions to the extent those actions are intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006). This includes decisions such as whether to institute criminal judicial proceedings. *See Buckley v. Fitzsimmons*,

509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.").

Here, Winston may be asserting claims based on Defendant Pavolock's failure, when he was the McKean County District Attorney, to institute criminal charges against the individuals who allegedly assaulted Winston in December of 2007. He may also be asserting liability on the part of Defendant Learn for the same thing. Alternatively, Winston may be claiming that Defendants Pavlock and/or Cercone committed wrongdoing in their capacities as judicial officers of the Commonwealth's unified judicial system by failing to see that Winston's assailants were brought to justice. (There is no factual basis at all in the complaint to explain why Defendant Howard is being sued.)

Either way, however, these Defendants are protected by the doctrines of absolute judicial and/or prosecutorial immunity based on the scant facts alleged here. To the extent Pavlock and/or Learn exercised prosecutorial discretion in determining not to commence criminal judicial proceedings against Winston's assailants, they are afforded prosecutorial immunity. To the extent either Pavlock and/or Cercone played a role in adjudicating matters related to Winston's assault, or in otherwise failing to somehow bring the alleged wrongdoers to justice, they are protected by judicial immunity. To the extent Defendant Howard is being sued for carrying out her court-related responsibilities as Clerk of Records and Prothonotary of McKean County, including processing, docketing, filing, and serving court-related documents, she is likewise protected by the doctrine of judicial immunity.

19

**IV. CONCLUSION**

Our Circuit Court of Appeals has instructed that, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008)). This Court has read all of Winston's filings in this case with an eye toward further factual averments which might cure the deficiencies in the complaint. However, since Winston's allegations suggest no basis for the existence of a viable legal claim, I find that further amendment would be futile. Accordingly, his complaint will be dismissed with prejudice.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL WINSTON,           )
                                    )
                Plaintiff,       )      Case No.  1:10-cv-75-SJM
                                    )
      v.                        )
                                    )
JOHN PAVLOCK, *et al.*,      )
                                    )
                Defendants.     )

**O R D E R**

AND NOW, *to wit*, this 13th Day of July, 2011, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that the motions to dismiss the complaint filed on behalf of Defendants Pavlock and Cercone [15], Defendant Wilson [25], and Defendants Learn and Howard [28] shall be, and hereby are, GRANTED.  Accordingly, all claims against said Defendants shall be and hereby are DISMISSED with prejudice and this case shall be marked CLOSED.

                                                 s/     <u>Sean J. McLaughlin</u>

                                                    SEAN J. McLAUGHLIN
                                                    United States District Judge

cm:    All parties of record.